DOLORES MARTÍNEZ DE MIRÓ, Plaintiff and Appellant, *v.* RAMÓN ALONSO, Defendant and Appellee.

No. 4274.   Argued May 31, 1928.—Decided June 28, 1928.

*V. M. Fernández* and *M. Tous Soto* for the appellant.   *José Martínez Dávila* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On January 12, 1925, Dolores Martínez, widow of Miró, brought an action in the District Court of San Juan alleging that a certain property of sixty acres situated in Vega Baja belonged to her and that defendant Alonso had been in possession of it since June 30, 1916, without title and against her express will. She prayed for judgment ordering the defendant to relinquish to the plaintiff the possession and enjoyment of the property and render an account of its products, or to pay her a certain amount therefor and the costs of the litigation.

The defendant answered as follows:

"First defense.—That he denies generally and specifically all of the allegations of the amended complaint.

"Second defense.—That the action brought by the plaintiff is barred under section 1858 of the Civil Code.

"Third defense.—That the defendant is the owner since October 14, 1911, of the following property:

"A farm situated in the ward Pugnado Afuera of the municipality of Vega Baja consisting of 60 acres, equivalent to 33 hectares, 59 ares and 43 centiares, bounded on the north by land of the Standard Fruit Co.; on the south by lands of Clemente Martínez and Aniano Martínez; on the east by land of Heirs of Miguel Rodrí-guez Sierra, and on the west by land of the Morris Fruit Co.

"Fourth.—That the described property has been in his possession as *bona fide* owner since the said date and is recorded in his name in the Second Section of the Registry of Property of San Juan in vol. 14 of Vega Baja, folio 162, property 672, first record."

The case went to trial, both parties introduced evidence and the court finally dismissed the complaint. In his opinion the district judge made the following findings:

"That the property claimed by the plaintiff as belonging to her was levied on by The People of Porto Rico for the collection of taxes and publicly sold to the defendant in 1911 when defendant Ramón Alonso Dávila took possession of it and later, or about 1914, he instituted a dominion title proceeding for that and another prop-erty. This dominion title proceeding was prosecuted through all the legal stages to a final judgment rendered about September, 1914, which adjudged ownership of the 60-acre property described in the third averment of the answer in favor of Ramón Alonso Dávila. That decision was properly recorded in the second section of the Registry of Property of San Juan.

"That since 1911 the defendant has been in possession of the said property as owner quietly, publicly and preacefully without any interruption."

The plaintiff took this appeal, alleging as errors the non-application of section 128 of the Code of Civil Procedure, the improper application of section 1858 of the Civil Code and the non-application of sections 1853, 1854 and 1855 of the Civil Code.

In support of the assignments of error the appellant has presented a brief which contains a full and intelligent study of the jurisprudence of the Supreme Court of Spain and

specially of that of the Supreme Court of Porto Rico. If we were not so overburdened with work we would follow the appellant in her study. But we can not allow ourselves that mental pleasure and will go directly to the bottom of the question.

A study and determination of whether or not the defendant properly pleaded the defense of prescription of the action brought by the plaintiff by citing section 1858 instead of section 1864 of the Civil Code may be dispensed with absolutely. The defendant having answered as he did, in the absence of any demurrer or of any motion requiring a more specific answer, the case could properly go to trial and having proved then, in accordance with his third defense, that he had a valid title to the property in question, he can not be deprived of its actual possession and enjoyment even if the plaintiff should prove that she also had a dominion title. The same thing can not be owned by two persons at the same time. If a conflict arises, it must be decided in favor of one, and that one in the present case is the defendant, according to the facts and the law.

The evidence introduced by the plaintiff shows that about the year 1894 the heirs of Torres were the owners of the property in litigation. They having failed to pay the sum of $10.13 to the municipality as taxes, it was demanded, the property was levied on and publicly sold for $100.25 to Juan Miró, then the husband of the plaintiff but now dead. It is now alleged by the plaintiff that the property is worth $12,000.

Years passed and in 1911 Miró defaulted in the payment of taxes and, as on the former occasion, the property was publicly sold for the collection of taxes to defendant Alonso who perfected his ownership title by the supplementary remedy provided by the Mortgage Law for the purpose of recording it in the registry. Judgment in the dominion title proceeding was rendered on May 29, 1914, and recorded on December 3 of the same year, or more than ten years prior to the filing of the complaint.

We entirely agree with the appellant that an ownership title secured in accordance with the Mortgage Law and recorded in the registry may be annulled and declared void; but when by virtue of the evidence examined a court of justice finds, as was done in the present case by the District Court of San Juan, that the property "was acquired by the petitioner at public auction from the Insular Treasury under execution against Juan Miró Castañer who acquired it in turn by virtue of an execution against the heirs of Torres" and the judgment in the dominion title proceeding is recorded in the registry of property and remains recorded without alteration for more than ten years during which the judgment owner continues as such in the public and peaceful possession thereof, there is then an ownership title (sec. 1858 of the Civil Code), proceeding in the present case from the plaintiff and that she is therefore bound to destroy it by showing some defect which voids it before she can make valid her claim to the possession and enjoyment of the property.

Something to this effect was intended by the plaintiff when she introduced certain evidence tending to show that the one hundred dollars paid by her husband in 1894 belonged to her and therefore that the property belonged to her separately; but we have examined that evidence and it has not sufficient force to destroy the presumption of community property attached to the purchase made by her husband, That being so, it was her husband as manager of the community property against whom the public sale proceeding had to be brought by the Insular Treasury for the collection of back taxes. Perhaps it might be well to add as a circumstance in further justification of the judgment rendered that when Alonso brought the dominion title proceeding Miró opposed it and later abandoned his position.

The judgment appealed from must be affirmed.